

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00029-CV

**THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF A.L.**

On Appeal from the Probate Court No. 1
Travis County, Texas[1]
Trial Court No. C-1-MH-22-002022, Honorable Guy Herman, Presiding

March 6, 2023

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, A.L., proceeding pro se, appeals from the trial court's *Order Authorizing the Administration of Psychoactive Medication - Forensic*.  We remand the cause to the trial court for further proceedings.

Dr. Ziyad Nuwayhid, on behalf of Appellee, the State of Texas, filed an application for an order authorizing the administration of psychoactive medication to A.L. On December 14, 2023, the trial court entered an order authorizing administration of the

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalizations efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.

medication after a hearing in which A.L. was represented by appointed counsel, Mr. Daniel Eduardo Garza. A.L. filed a notice of appeal from the order, pro se. That appeal was later transferred to this Court. Although A.L.'s brief was due prior to the transfer, no brief was filed. By letter of February 3, 2023, we notified Appellant's counsel that the brief was overdue and directed him to file a brief by February 13. We admonished him that the cause would be remanded to the trial court if a brief was not received by this deadline. Appellant's counsel has neither filed a brief nor had any further communication with this Court to date.

Section 574.104 of the Health and Safety Code permits a court with probate jurisdiction to issue an order authorizing the administration of psychoactive medication to a patient receiving court-ordered inpatient mental health services. When an application for administration of psychoactive medication is filed, the patient is entitled to representation by court-appointed counsel and may appeal an order issued to a court of appeals. TEX. HEALTH & SAFETY CODE ANN. §§ 574.003 (requiring immediate appointment of counsel), 574.004(h) (concerning the duration of court-appointed representation), 574.105 (identifying the rights of the patient), 574.108(a) (permitting appeal).

Accordingly, we abate the appeal and remand the cause to the trial court to determine: (1) whether Mr. Garza represents A.L. on appeal; (2) if so, why a timely appellate brief has not been filed on behalf of Appellant; (3) whether Appellant has been denied the effective assistance of counsel; and (4) whether new counsel should be appointed to represent A.L. on appeal. If it is determined that Appellant has been denied the effective assistance of appellate counsel, the trial court may appoint new counsel; the

name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the trial court's findings.

Due to the expedited nature of this appeal, a supplemental clerk's record containing the trial court's findings and any orders issued shall be filed with the Clerk of this Court on or before March 20, 2023. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 574.070(e) ("The court of appeals and supreme court shall give an appeal under this section preference over all other cases and shall advance the appeal on the docket."), 574.108(a).

It is so ordered.

Per Curiam